UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| JOHN C. BAMBENEK, )  ) | |
| **Plaintiff,** ) ) ) | |
| v. ) ) | Case No. 07-2012 |
| ) ) | |
| JAMES A. WRIGHT, GILBERT R. ) JIMENEZ, and DONNA McNEELY, ) ) | |
| **Defendants.** ) | |

**OPINION**

On January 26, 2007, Plaintiff John Bambenek, proceeding pro se, filed a Complaint (#1) against Defendants James Wright, Gilbert Jimenez, and Donna McNeely. The following facts are gathered from this complaint. Bambenek is an academic professional at the University of Illinois in Champaign, Illinois. As a condition of his employment, Bambenek is required to complete annual ethics training. This training is web-based and includes both a teaching section and a quiz to measure mastery of the material. Bambenek completed the training on October 28, 2006. On December 15, 2006, a letter was sent to Bambenek from Defendant Wright, Executive Inspector General of the State of Illinois, indicating his certification of completion of the ethics training was invalidated because the training was taken in 8.78 minutes. On January 22, 2007, Bambenek spoke with Defendant Jimenez, the University of Illinois ethics officer, and was informed that there are no appeals of the non-compliance letter. Jimenez informed Bambenek that if he did not sign a statement of confession by February 2, 2007, he could be disciplined "up to and including termination." Bambenek asserts that the University's procedures violate the Due Process and Equal Protection clauses of the United States

Constitution. Also on January 26, 2007, Bambenek filed a Motion for Temporary Restraining Order and or Preliminary Injunction and Request for an Emergency Hearing (#2). In the motion, Bambenek asserts that a temporary restraining order is necessary to prevent Defendants from attempting to terminate his employment. Bambenek asserts that his primary income is from his state employment and a disruption of that income will cause an inability to pay bills on a timely basis.

In order to demonstrate the requisite elements for the grant of a TRO or preliminary injunction, Bambenek must show (1) he has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if the TRO is denied. Anderson v. U.S.F. Logistics, Inc., 274 F.3d 470, 474-75 (7th Cir. 2001). If Bambenek can show these elements, the court is to consider whether the harm Bambenek will suffer if the TRO is denied outweighs the harm to Defendants if the TRO is granted while accounting for the TRO's affect on the public interest. Anderson, 274 F.3d at 474-75.

Based upon well-established law in the Seventh Circuit, this court concludes Bambenek cannot establish that he will suffer irreparable harm that cannot be rectified by a monetary damages at the close of the litigation. Bambenek asserts he will be unable to pay his bills if he loses his job. However, the Seventh Circuit has consistently stated that loss of wages or employee benefits do not constitute irreparable harm. See East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700, 704 (7th Cir. 2005); Shegog v. Board of Educ. of City of Chicago, 194 F.3d 836, 839 (7th Cir. 1999). Accordingly, Bambenek's Motion for Temporary Restraining Order and or Preliminary Injunction and Request for an Emergency Hearing (#2) is DENIED.

ENTERED this 1st day of February , 2007.

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF JUDGE